Wesley D. Ray, Esq. (SBN 026351)
Wesley.Ray@SacksTierney.com
Michael Galen, Esq. (SBN 035044)
Michael.Galen@SacksTierney.com
**SACKS TIERNEY P.A.**
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600
Facsimile: 480.970.4610

*Attorneys for Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT

# THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>J. LEVINE AUCTION<br>& APPRAISAL LLC,<br><br>          Debtor. | Chapter 11 Proceedings<br><br>Case No.: 2:19-bk-02843-SHG<br><br>**OBJECTION TO MOTION FOR EXPEDITED HEARING ON UNITED STATES TRUSTEE'S EMERGENCY MOTION TO APPOINT CHAPTER 11 TRUSTEE; OR ALTERNATIVELY, TO CONVERT CASE TO A CHAPTER 7** |

      J. Levine Auction & Appraisal LLC, as debtor and debtor in possession (the "Debtor") in the above-captioned bankruptcy case (the "Chapter 11 Case"), by and through its undersigned counsel, hereby files this objection (this "Objection") to the motion for an expedited hearing (the "Motion to Expedite") on the *United States Trustee's Emergency Motion to Appoint Chapter 11 Trustee; or Alternatively, to Convert Case to Chapter 7* (the "Motion") filed by the United States Trustee (the "UST"), and respectfully states as follows:

      On June 12, 2019, the UST filed the 39 page Motion, along with 27 exhibits. Contemporaneously with the Motion, the UST filed the Motion to Expedite requesting that the "Court set a hearing on the Motion on an expedited basis, to occur as soon as reasonably practical . . . ." The sole basis asserted by the UST as to why an expedited hearing is necessary is the UST's "serious concerns about the ability of current management to continue in possession of the Debtor."

      Granting the Motion to Expedite would severely prejudice the Debtor. All told, the Motion and exhibits include 262 pages of factual assertions and legal argument that the UST has likely spent

weeks preparing. Following an initial review, the Debtor vigorously disputes the allegations set forth in the Motion and should be given a fair chance to prepare and present its response. The UST's vague assertion of "serious concern" cannot be sufficient to rob the Debtor of an opportunity to fairly and thoroughly respond to the allegations contained in the Motion, especially given the severity of relief sought by the UST therein.

Moreover, granting the Motion to Expedite is unnecessary under the circumstances. Although the Debtor has not yet had an opportunity to conduct a detailed review of the Motion, it does not appear to include any allegation that the Debtor has improperly diverted funds or assets post-petition. The Debtor is operating under an agreed cash collateral budget and every dollar spent by the Debtor is reflected in its monthly operating reports and bank statements. As such, there can be little concern that allowing the Debtor the time necessary to fairly respond to the Motion would result in any loss or misappropriation of estate property.

WHEREFORE, the Debtor respectfully requests that the Court deny the Motion to Expedite, allow the Debtor the ordinary time under the Local Bankruptcy Rules in which to file a response to the Motion, and schedule a preliminary hearing as soon thereafter as the Court's calendar permits.

DATED: June 12, 2019

SACKS TIERNEY P.A.

By: /s/ Wesley D. Ray
    Wesley D. Ray
    Michael Galen
    *Attorneys for Debtor*

COPY of the foregoing served via email/
first class mail this 12th day of
June 2019 to all parties listed below:

U.S. Trustee
Office of the U.S. Trustee
230 North First Avenue
Suite 204
Phoenix, AZ 85003

1  Renee Sandler Shamblin
   US Trustee's Office
2  230 N. First Avenue, Suite 204
   Phoenix, Arizona 85003-1706
3

4
   */s/ Tamara Porter*
5